THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

**HERBERT EUGENE INSCOE and CHARLES W. HATFIELD, married,**

    Plaintiffs,

V                            **CIVIL ACTION NO.:** 3:21-cv-00171

**UNITED STATES OF AMERICA,**

    Defendant.

## COMPLAINT

COMES Plaintiffs, Herbert Eugene Inscoe and Charles W. Hatfield by counsel, Michael E. Froble, filing this ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIM ACT FOR MEDICAL MALPRACTIC AND NEGLIGENCE against the United States of America and United States Department of Veterans Affairs ("VA") for medical malpractice, loss of consortium and negligence on the part its of employees requesting monetary and compensatory damages.

    **I.**    **JURISDICTION VENUE AND CONDITIONS PRECEDENT**

    1.    Plaintiffs, Herbert Eugene Inscoe and Charles W. Hatfield, married, at all times relevant to the events in this Complaint were residents of Cabell County, West Virginia, which is within the Southern District of West Virginia.  Plaintiffs have recently relocated outside of the State of West Virginia and currently reside in Florida;

    2.    This Court has jurisdiction over these claims against Defendant, United States of America, pursuit to 28 U.S. Code 1346 (b) and 2671 – 2680;

3. Venue is appropriate in the Southern District of West Virginia, pursuant to 28 U.S.C. 1391 (b), as the place wherein a substantial parts or omissions given rise to the claim occurred;

4. On March 24, 2016, Plaintiffs filed a Complaint in the Circuit Court of Cabell County, West Virginia in Case Action No.: 16-C-218 alleging medical malpractice and naming Dr. Mattam and the Department of Veterans Affairs as Defendants;

5. Counsel for Defendant removed this action to the Southern District Court of West Virginia in Case No.: 3:16-cv-03440;

6. Plaintiffs retained counsel and the undersigned filed a Notice of Appearance, but the case was dismissed based upon Plaintiffs failure to exhaust their administrative remedies by not failing Form 95;

7. On July 7, 2016, Plaintiffs, Herbert Eugene Inscoe and Charles W. Hatfield, filed their Form 95, which are attached as Exhibit A.  The forms were properly served and acknowledged with the administrative claim being referred to the Office of General Counsel as evidence in the August 8, 2016 letter attached as Exhibit B. Subsequently, Plaintiffs provided a medical release and all of the medical records of Herbert Inscoe were obtained with Defendant providing Plaintiffs a copy;

8. There has been no denial nor settlement of the administrative claim and over six (6) months has expired, thereby resulting in an exhaustion of administrative remedies allowing Plaintiffs to file this Complaint;

9. This suit has been timely filed and Plaintiffs have fulfilled the requirements under 28 U.S. Code Section 2675 of the FTCA;

## II. EVENTS FORMING THE BASIS OF THE CLAIM

1. Defendant, United States of America through the United States Veterans Health Administration and the United States Department of Veterans Affairs at all times alleged herein is the federal governing body responsible for funding, operating, administering, controlling, supervising and managing the business and employment affairs, and implementing the health care programs at the VA available to eligible veterans. The Veterans Medical Center located in Wayne County, 1540 Spring Valley Drive, Huntington, West Virginia, is one of many VA Medical Centers operated by United States of America through the United States Health Administration and United States Department of Veterans Affairs;

2. Babu Mattam, M.D. is, and was at all relevant times, employed and an agent of Defendant, United States of America, through the Department of Veterans Affairs, that holds Dr. Mattam;

3. The United States of America, employed Dr. Mattam and other health care providers at the Huntington VA who all participated in causing or failing to prevent the stroke through there negligent and careless management of Plaintiff's diabetes and hypertension;

4. United States of America is legally liable for the medical negligence of its employed administrators, physicians, nurses, pharmacy personnel, technologists and nursing assistants;

5. Plaintiff, Herbert Eugene Inscoe, is an eligible veteran and received medical treatment at the Huntington VA for over a five (5) year period proceeding his having a stroke on or about July 13, 2014, resulting in permanent injury. Plaintiff

maintains that Dr. Mattam failed to adequately control Plaintiff's blood pressure directly resulting in Plaintiff suffering a stroke, which would have been avoidable had Dr. Mattam met the Standard of Care required under West Virginia law in his medical treatment of Plaintiff;

6. Dr. Mattam and other medical providers at the Huntington VA deviated from the Standard of Care in their treatment of Plaintiff resulting in his suffering a stroke on July 13, 2014, causing Plaintiff permanent injury. The stroke would have not occurred had the standard of medical treatment been met;

7. Plaintiffs met all of the requirements for having a valid medical malpractice case under West Virginia law including the West Virginia Professional Liability Act, West Virginia Code 55-7B-1, et al.,;

8. Attached as Exhibit C is the May 17, 2016 Certification of Dr. Justin Nolte of the Marshall Neurology Center opining that although the significant small vessel ischemic changes were initially thought to be secondary to a generic pre-disposition for small ischemic stroke, the generic testing was negative. Based upon Dr. Nolte reviewing a log kept by Dr. Mattam showing the blood pressures to be well elevated beyond the typical norms for secondary stroke prevention, it was his opinion that the changes that were seen on the CT scans are physical manifestations of poorly controlled hypertension. The risk factor for his stroke clearly was that the hypertension was very poorly controlled for no evident reasons, thereby resulting in his stroke on July 213, 2014;

9. Over a minimum of five (5) years, Dr. Mattam failed to properly manage Plaintiff's hypertension and failed to provide him medical treatment meeting the Standard of Care and actually accused Plaintiff of being a hypochondriac, resulting in Dr. Mattam

ignoring the signs of risk factors for a stroke, including, but not limited to, blood pressure levels that required immediate medical care. Plaintiff's blood pressure was over 190;

10. Dr. Mattam routinely and regularly overbooked his patients resulting in his seeing Plaintiff less than 15 minutes preventing him from providing proper care just pushing Plaintiff through the system;

11. The failure of Dr. Mattam to provide proper medical care and management of Plaintiff's blood pressure, which was over 190 led to and resulted in two (2) massive CVA and multiple TIA destroying Plaintiff's life and ability to work in the business that he owned and prevented him from being able to care for his children and a loss of consortium for his husband, Charles W. Hatfield;

12. The deviation from the Standard of Care from Dr. Mattam has led to the permanent disfigurement of Herbert Eugene Inscoe;

13. The acts and events set forth below constitute negligent and wrongful acts and omissions of agents and employees of the United States government, *interalia*, medical malpractice, while acting within the scope of their offices and employment under circumstances where United States of America, if a private person would be liable to Plaintiffs in accordance to the law in the state of West Virginia;

14. Based upon the deviations from the Standard of Care, Plaintiff, Herbert Eugene Inscoe, had surgeries, medical treatment, and prolonged recovery periods and suffered permanent injury, which would have been avoidable had the Standard of Care been met;

15. Plaintiffs have suffered economic and non-economic losses, pain and suffering, medical expenses and other damages allowable under West Virginia law and will continue to suffer in the future;

### III. LOSS OF CONSORTIUM CLAIMS

1. Plaintiff, Herbert Eugene Inscoe, has a Loss of Consortium Claim under West Virginia Law based upon a loss of intimacy and companionship because of his physical and physiological injuries because of the deviation from the Standard of Care on the part of Dr. Mattam;

2. Plaintiff, Charles W. Hatfield, the husband of Herbert Eugene Inscoe, has a separate derivative Loss of Consortium Claim because of the physical and emotional injuries suffered by Herbert Eugene Inscoe because of Dr. Mattam failing to meet the Standard of Care in his medical treatment.  This loss of Consortium includes the loss of intimacy and companionship between Herbert Eugene Inscoe and Charles W. Hatfield;

3. Herbert Eugene Inscoe and Charles W. Hatfield both filed Loss of Consortium Claims in their Administrative Tort Claims thereby exhausting the Administrative remedies;

### IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Herbert Eugene Inscoe, is entitled to damages from the United States, and he does hereby pray that judgment be entered in his favor and against the United State Government based upon the acts and omissions, negligence and medical malpractice of Dr. Mattam as a physician and employee of Huntington VA Medical Center, which is a division of the United States Department of Veterans Affairs, an agency of the United States government.

Plaintiff, Charles W. Hatfield, is entitled to damages based upon his loss of consortium claim as the husband of Herbert Eugene Inscoe as is Herbert Eugene Inscoe is entitled to a loss of consortium claim based upon the failure of Dr. Mattam failing to meet the Standard of Care as physician and employee of Huntington VA Medical Center, which is a division of the United States Department of Veterans Affairs, an agency of the United States government.  Non-economic damages of pain and suffering, annoyance and inconvenience, humiliation, mental anguish, physical anguish with psychological distress, lost wages for lost employment , diminishment and earning capacity, attorney fees and other costs incurred by Plaintiffs.  Future non-economic damages, pain and suffering and other future damages and loss of consortium.  Any other relief deemed just and equitable by this Court.

WHEREFORE, Plaintiffs requests judgment against United States of America in their favor and is entitled to and seeks recovery for all costs and attorney fees incurred by their in the Civil Action, together with the other further and additional relief at law or equity that this Court may deem appropriate and proper.

    HEBERT EUGENE INSCOE and CHARLES W. HATFIELD
    By counsel,

*/s/ Michael E. Froble*
Michael E. Froble
WV Bar#1300
1555 Harper Road
Beckley, West Virginia 25801
Telephone 304.252.9935
froblelaw@aol.com
Counsel for Plaintiffs