## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

HERBERT EUGENE INSCOE and
CHARLES W. HATFIELD, married,

                    Plaintiffs,

v.                                                   CIVIL ACTION NO.   3:21-0171

UNITED STATES OF AMERICA,

                    Defendant.

### MEMORANDUM OPINION AND OPINION

Pending before the Court is Defendant's Motion to Dismiss. ECF No. 11. Defendant claims that Plaintiffs failed to file their Complaint within six months after receiving the Notice of Denial of their claim before the Department of Veterans Affairs (VA). *Def.'s Mot. to Dismiss*, ECF No. 11, at 1. Defendant also asserts that Plaintiffs failed to provide a certificate of merit alleging negligence against any healthcare provider. *Id.* at 3. For the following reasons, the Court **GRANTS** the Motion. ECF No. 11.

### BACKGROUND

Plaintiffs filed a claim in the Circuit Court of Cabell County asserting medical negligence against Dr. Babu Mattam and the VA on March 24, 2016. *Pls.' Compl.*, ECF No. 1 ¶ I.4. Plaintiffs allege that Dr. Mattam failed to adequately control Plaintiff Herbert Eugene Inscoe's blood pressure, resulting in his suffering a stroke. *Id.* ¶ II.5. Plaintiffs bring claims under the Federal Tort Claim Act (FTCA) for medical malpractice and negligence, as well as a claim for loss of consortium under West Virginia Law.

Plaintiffs' original case was removed to the Southern District Court of West Virginia but was ultimately dismissed for failure to exhaust administrative remedies. *Id.* ¶¶ I.5–6. While Plaintiffs claim that there was no denial nor settlement of this administrative claim (*Id.* ¶ I.8), the claim was denied on March 23, 2017. *Ex. 1*, ECF No. 11-1, at 2. The notice of denial was delivered to Plaintiffs' attorney via Certified Mail on March 27, 2017. *Ex. 2*, ECF No. 11-2, at 2.

Plaintiffs filed their Complaint in this Court on March 15, 2021. *Pls.' Compl.*, ECF No. 1.

## STANDARD OF REVIEW

Defendant filed its Motion to dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(6), claiming that Plaintiffs failed to comply with the six-month time limitation imposed by the FTCA and that Plaintiffs failed to provide a sufficient certificate of merit. In the past, this Court has considered a challenge to time limitations pursuant to the FTCA under Rule(12)(b)(1) for lack of subject matter jurisdiction. *See Adkins v. United States*, 923 F. Supp. 2d 853, 856 (S.D.W. Va. 2013) (citing *Bohrer v. City Hosp., Inc.*, 681 F. Supp. 2d 657, 663 (N.D.W. Va. 2010). Since then, however, the Supreme Court has spoken on this exact issue. In *United States v. Wong*, the Supreme Court held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). After *Wong*, courts have reviewed such motions to dismiss under Rule 12(b)(6), finding the FTCA statute of limitations is an affirmative defense that the Government has the burden of proving. *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016); *Morales-Melecio v. United States Dep't of Health and Human Srvs.*, 890 F.3d 361, 368 (1st Cir. 2018) ("We take this opportunity to note that, post-*Kawi Fun Wong*, motions to dismiss based on the FTCA's statute of limitations should now be brought under Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim upon which relief can be granted), or considered pursuant to Rule 56 (summary judgment)."); *Clutter-Johnson v. United States*, 242

F. Supp. 3d 477, 480–81 (S.D.W. Va. 2017) (analyzing a motion to dismiss a time-barred FTCA claim under 12(b)(6) and motion for summary judgment standards); *Lucas v. United States*, 664 F. App'x. 333, 335 (4th Cir. 2016) (discussing that, after *Wong*, motions to dismiss claiming an action is time barred under the FTCA are brought under 12(b)(6)).

1.  <u>12(b)(6) Failure to state a claim</u>

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting

*Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

2.  <u>Motion for Summary Judgment</u>

Under Rule 12(d), a court must treat a motion to dismiss as a motion for summary judgment when the court considers documents outside the pleadings. F. R. Civ. P. 12(d); *Clutter-Johnson*, 242 F. Supp. 3d at 481. Here, Defendants provide documentation of Plaintiffs' administrative tort claim denial, the tracking information documenting the delivery of the denial notice to Plaintiffs' attorney, and the declaration of Robert Kirchhoefer, the Deputy Chief Counsel of the Torts Law Group at the Department of Veterans Affairs. *Exs. 1, 2, 3*, ECF Nos. 11-1, 11-2,

11-3. Because the Court considers these documents in its analysis of this Motion, the Court will evaluate this Motion under the summary judgment standard.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

3. <u>Federal Tort Claims Act</u>

The Federal government is immune from suit unless it consents to be sued. *See e.g., United States v. Sherwood,* 312 U.S. 584 (1941). The FTCA provides a limited waiver of that sovereign immunity and allows certain suits to proceed against the Federal government for any "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be

liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 1346(b). In this limited capacity, the government is liable for tort claims "in the same

manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

There are prerequisites a plaintiff must meet before filing an action under the FTCA. A

plaintiff must first bring their claim before the appropriate Federal agency before filing suit with a

district court. 28 U.S.C. §§ 2401(b), 2675(a). The administrative claim must be brought before the

agency within two years of the accrual of the claim. *Id*. § 2401(b). A plaintiff has six months to

bring a tort claim against the United States in the district court after the notice of final denial by the

agency has been mailed via certified or registered mail. *Id.; Clutter-Johnson*, 242 F. Supp. 3d at

482 ("Should the agency deny the claim, then the claimant has six months to file suit in federal

court."). If the claim is not brought within six months, it is barred. 28 U.S.C. § 2401(b); *see Raplee*

*v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (discussing how failing to bring a claim to the

district court within six months after the agency mailed its notice of final denial was untimely).

## DISCUSSION

Defendant filed this Motion to Dismiss, arguing that 1) Plaintiffs failed to file their

complaint within six months of the mailing of the notice of denial, and 2) Plaintiffs failed to

provide a certificate of merit alleging negligence against any healthcare provider. The Court will

address each argument.

1. Plaintiffs' claims are time barred

It is clear from the record that Plaintiffs' claims are time-barred. Although Plaintiffs

asserted that their administrative claims have remained unaddressed by the VA, the record shows

that the VA denied their claims back on March 23, 2017. *Ex. 1*, ECF No. 11-1. Defendant provides

documentation of the tracking information for the notice of denial, which indicates that the notice

was delivered to the address of Plaintiffs' attorney on March 27, 2017. *Ex. 2*, ECF No. 11-2. Plaintiffs had six months from the mailing of the notice of denial back in 2017 to file their Complaint with this Court. *See* 28 U.S.C. § 2401(b). Plaintiffs here filed their Complaint on March 15, 2021, several years beyond the six-month period. *Pls.' Compl.*, ECF No. 1. Plaintiffs concede that this six-month statutory requirement was not met. *Pls.' Br. in Resp.*, ECF No. 13, at 4.

Despite the failure to timely file this action, Plaintiffs argue that they are entitled to equitable tolling, which would allow the Court to permit the Complaint to proceed. *See Wong*, 575 U.S. at 420. Because the Supreme Court has found that the time limitations set forth in the FTCA are non-jurisdictional, these time bars are subject to equitable tolling. *Id.* "Plaintiffs are entitled to equitable tolling only if they show that they have pursued their rights diligently <u>and</u> extraordinary circumstances prevented them from filing on time." *Raplee*, 842 F.3d at 333 (emphasis in original). This is only appropriate in limited circumstances and does not extend to claims of "excusable neglect." *Clutter-Johnson*, 242 F. Supp. 3d at 483 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The Court cannot find that Plaintiffs diligently pursued their rights, nor that any extraordinary circumstances exist to warrant the application of equitable tolling. Plaintiffs' counsel was mailed the notice of denial back in March of 2017. Plaintiffs' attorney cannot—and does not—deny that such notice was sent and delivered. Plaintiffs waited nearly four years to file an action in this Court to pursue their rights. It would be unreasonable to find such a lapse time to be "diligent." In fact, Plaintiffs' counsel admits that failing to investigate the status of the claim for so long was <u>not</u> an exercise of "due diligence." *See Pls.' Br. in Resp.*, ECF No. 13, at 3. Further, there appears to be no extraordinary circumstances that explain the failure to file. Plaintiffs' attorney merely asks the Court to allow the case to move forward because "through excusable

neglect or inadvertence," Plaintiffs did not receive the denial notice. No extraordinary circumstances exist here to warrant the application of equitable tolling. *See Raplee*, 842 F.3d at 333 (finding that there were no extraordinary circumstances when an attorney inadvertently failed to handle office mail carefully); *see Clutter-Johnson*, 242 F. Supp. 3d at 485 (finding that equitable tolling did not apply when plaintiff gave no reason to as to why she failed to timely file); *see Thomas v. United States*, No. 5:16-cv-12337, 2017 WL 6403005, *4 (S.D.W. Va. Sept. 20, 2017) (finding plaintiff's failure to file within the six-month limit was not excused by the fact that plaintiff was simultaneously complying with state law requirements). Simply put, Plaintiffs inexcusably failed to file within the requisite six-month period, and indeed, waited nearly four years to pursue their rights. This is not a situation where it would be appropriate for the Court to apply the principles of equitable tolling. Therefore, this action is time-barred under the FTCA.

2. <u>Plaintiffs failed to file a sufficient Certificate of Merit</u>

Because the Court finds that this action is time-barred and cannot proceed, the Court need not address Defendant's argument regarding the sufficiency of certificate of merit.

## CONCLUSION

This Court finds that Plaintiffs' Complaint is time-barred under 28 U.S.C. § 2401(b). Thus, there are no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law. For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. ECF No. 11.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:          February 24, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-8-